OPINION
On June 25, 1999, Columbus Police Officers Matthew Streng, Nathan Place, and Sam Reeding were traveling northbound on Ontario Street. As they approached the intersection of Ontario and Republic Avenue, a Toyota Camry driven by defendant, Eric M. Black, proceeded through the intersection after he failed to obey a marked stop sign. As a result, Officer Streng swerved to a stop in order to avoid a collision.
After Officer Streng activated his beacons, defendant accelerated to a speed well above the posted limit. Streng attempted to catch up, but lost sight of the defendant's vehicle after turning northbound onto Dresden Street. However, as the officers traveled northbound, they saw defendant's car parked on the north side of Briarwood Avenue, and observed the defendant and another man running between two houses. Officers Streng and Reeding dropped off Place at 1412 Briarwood, and proceeded north toward the area where the two men were running.
As he exited the patrol car, Officer Place was approached by a woman who stated that she had seen two men running through her backyard. At almost the same time, Place and the woman saw the defendant walking back toward his car. Officer Place attempted to detain the defendant in order to issue a citation; however, defendant resisted, broke free, and re-entered his car. A struggle followed, and defendant assaulted Place, punching him in the face and neck. Despite being maced, defendant managed to start his car and put it in gear. He then accelerated, striking Place with the side of his car. As he fled the scene, defendant collided with another parked car, while Officer Place called for assistance.
Officers Streng and Reeding reapprehended the defendant just after he pulled away. The defendant again refused to yield, and fled at high speed. The pursuit ended when the defendant crashed his vehicle on East Main Street. However, after his vehicle came to a rest, defendant leapt from the car and fled on foot. After a short chase, defendant forced another physical confrontation. Although he had been apprehended, defendant fought violently, kicking, punching, and biting the officers. He was eventually handcuffed but continued to fight. Ultimately, defendant's feet were tied together to protect the officers from further injury.
On July 8, 1999, defendant was charged with three counts of assault, each fourth degree felonies, and one count of failure to comply with an order of a police officer, also a fourth degree felony. Defendant ultimately pled guilty to two counts of assault, and the remaining two counts were dismissed.
On July 14, 2000, the trial court sentenced the defendant to seventeen months' incarceration with respect to each count. The second sentence was ordered to be served after the first. Defendant now appeals, raising the following two assignments of error:
 [1.] When the trial court does not state properly the mandatory statutory findings in rendering a consecutive sentence; and then gives what is essentially a maximum prison term, the case must be remanded for a proper sentence.
 [2.] Where the right or [sic] allocution is curtailed, and prejudice is shown, the sentence must be remanded for a proper hearing.
In his first assignment of error, defendant contends the trial court failed to make the statutory findings necessary in order to impose a maximum consecutive sentence. We begin with the issue of the maximum sentence, as that challenge is easily put to rest.
First, and fundamentally, the trial court did not impose a maximum sentence. In this case, the maximum sentence for each of the counts was eighteen months, while defendant received a sentence of seventeen. Apparently this is clear to the defendant, who maintains the court "basically" imposed the maximum prison term allowed. He goes on to argue that, although he "could have been sentenced to eighteen months each, as a maximum prison term, the judge artfully skirted this issue by giving him seventeen months. It is evident from the record that this judge, inessence, gave the maximum sentence * * *." (Appellant's brief at 11; emphasis added.)
Although the defendant is entitled to his opinion; again, the trial court did not impose a maximum sentence, and the defendant fails to explain why the plain and unambiguous language contained in R.C. 2929.14(C) and 2929.19(B)(2)(d) should be ignored. These statutory provisions clearly apply when the trial court imposes the maximum sentence for a given offense, not "basically," "essentially," or "almost" a maximum sentence.
The second issue raised in the first assignment of error concerns the imposition of a consecutive, rather than concurrent sentence. We have previously explained that "in sentencing a felony offender, a trial court must impose a sentence that is reasonably calculated to achieve the two overriding purposes of felony sentencing, i.e., protecting the public from future crime by the offender and others and punishing the offender."State v. Hough (Nov. 23, 1999), Franklin App. No. 99AP-238, unreported. When reaching a decision, the trial court must consider the need to prevent future crime, rehabilitation, and restitution. In addition, the court must impose a sentence that is commensurate with, and not demeaning to, the seriousness of the offender's conduct, and its impact upon the victim or victims. Id. A trial court has broad discretion when sentencing, and this court will not override the court's sentence unless the trial court has abused its discretion. Id., citing State v. Epley
(Aug. 25, 1998), Franklin App. No. 97APA11-1467, unreported.
The trial court conducted a sentencing hearing on July 14, 2000. At that time, the court stated that it had carefully studied the record including the presentence investigation. It also noted that the defendant had several order-ins from the Franklin County Municipal Court for driving under suspension, driving with an expired license, excessive speed, hit and run, several other traffic-related offenses, as well as this assault upon police officers.
On the record, the court explained:
 The facts in this case cover about three or four single spaced typewritten pages, and it's just — it's an involved mess. But basically what it says to me is that this young man has no regard whatsoever for any authority, any police officer. For whatever reason, he's decided he can do whatever he wants.
 He wrecked a car. He bit a police officer on the arm. I think he bit another one on the ankle. He's a wild man. He lies about everything. Accepts responsibility for nothing, and just a total con man.
 He has a prior record that's significant to say the least. He has possession of cocaine out of Superior Court in Washington, D.C.
 He has possession with intent to distribute over five grams of cocaine, along with a firearm, and a few other things out of Washington, D.C. He went to federal prison for that, apparently for four years was the original sentence, although I'm not sure how much time he did.
 That was quite an involved soiree whereby he and a couple other guys were in — I want to say it was a jeep, but I don't know if that's relevant. But they had bullet proof vests, .45 caliber pistols, 9 millimeter pistols, two clips loaded with 36 rounds of ammunition for the 9 millimeter, three bags of cocaine. He was a big time drug dealer, apparently, or thought he was.
 He has unauthorized use of property where he stole things from Lazarus. Assault on police officers.
 So at any rate, Mr. Black is not somebody that deserves probation. * * *
* * *
 The other thing that I thought was significant — I did read this carefully, the facts in this case, if anybody is interested, it's like a short story on how to assault a police officer. A couple of police officers indicated that they never had as much trouble as this in their entire history in trying to arrest somebody. And if half of what's said in the P.S.I. about the facts in this case are true, and I'm sure they are, I've never seen anybody go through the gyrations that he went through to assault the police officers, he was biting them, kicking them, everything else. [Tr. 4-7.]
The trial court also discussed the applicable sentencing factors, noting:
 * * * [T]he factors of Senate Bill Two are as follows: Factors indicating offenses should be treated more serious and recidivism is likely.
 The defendant was on supervised release to the federal government for a federal offense when he committed this offense.
 Secondly, he has a prior adjudication for delinquency, i.e. he has a prior eight-year sentence in federal prison.
 Three, he's demonstrated failure to respond favorably to past sanctions, i.e. he was serving supervised release after the federal prison sentence when this occurred. Obviously that did not deter him from this offense.
* * *
 And he denies everything. No remorse. He has no remorse. He is right: All the rest of the world is wrong. He justifies everything he did, and it's about a four-page set of facts that are just a nightmare. * * *
* * *
 An additional factor for felonies 3 and 4, physical harm to persons. Yes, three or four police officers, I don't remember. I know he bit one on the arm. He bit another I think on the ankle. * * * He did cause harm. He previously served a prison term. And this offense was committed while under community-control. And, therefore, the factors overcome any presumption.
 After reading this presentence investigation, I thought it was a no brainer. This guy's out of control. * * *
 I'm going to give him 17 months on each and I'm going to stack them for 34 months. * * * [Tr. 6-8.]
In order to properly impose consecutive sentences, a trial court must find "that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public * * *." R.C.2929.14(E)(4). According to that section, the court must also determine whether any one of the following are applicable.
 (1) Whether the offenses were committed while the defendant was awaiting trial or sentencing, or was under post-release control for a prior offense.
 (2) Whether the harm caused by the offenses was so great or unusual that a single prison term would not reflect the seriousness of the defendant's conduct.
 (3) Whether the defendant's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from the defendant's potential future criminal acts.
Finally, the court must set forth its reasons for selecting the sentence. R.C. 2929.19(B)(2)(c). Although we find it preferable for the trial court to incorporate its findings and reasoning in the sentencing entry, that information need not be specified in the entry so long as they are discernible from the record as a whole. State v. Hess (May 13, 1999), Franklin App. No. 98AP-983, unreported; State v. Belfon (July 13, 2000), Franklin App. No. 99AP-663, unreported.
As set forth herein, the trial court made detailed findings concerning the defendant's prior criminal history, defendant's present and outstanding criminal charges, and defendant's conduct which gave rise to this prosecution.
The court noted that the defendant: failed to obey a posted traffic control device, almost colliding with a patrol car; attempted to flee from Officer Place; physically assaulted Place punching him in the face and upper body; sped away hitting Place with his vehicle; failed to yield to Officers Streng and Reeding, leading them on a high speed chase which ended when the defendant wrecked his car; and then fought with, and assaulted, the arresting officers by biting, punching, and kicking them. The trial court continued, explaining that the defendant has "no regard whatsoever for any authority," and acts like a "wild man" who feels as if "he can do whatever he wants." (Tr. 4-5.) "He lies about everything. Accepts responsibility for nothing." (Tr. 5.) Finally, the court explained that the defendant committed these offenses while he was under supervised release from federal prison as a result of a serious narcotics conviction.
In light of the foregoing, we conclude that the trial court adhered to the statutory requirements when it imposed consecutive sentences. Accordingly, defendant's first assignment of error is overruled.
In his second assignment of error, defendant argues that the trial court erred when it refused to allow the defendant an opportunity of allocution. However, the record clearly reveals that the defendant, as well as his attorney, were given an unfettered opportunity to address the court before it imposed sentence. After affording defense counsel an opportunity to speak, and before it handed down defendant's sentence, the following dialogue occurred between the defendant and the court.
 THE COURT: * * * Mr. Black, what would you like to say on your own behalf?
 THE DEFENDANT: Your Honor, on behalf of the situation that happened that day, again, I'm remorseful it happened to myself and to the officers involved. I was not trying to be malicious, nor did I try to cause this incident. I'm sorry to be in this situation I'm in right now. And I again put myself at the mercy of the court.
To now claim that he was denied an opportunity for allocution is plainly false. However, giving appellate counsel the benefit of the doubt, defendant's argument might be construed as an assertion that the trial court erred when it refused to entertain rebuttal or criticism of its sentence after the hearing had concluded. However, the trial court is not required to do so. Crim.R. 32(A)(1) provides that the trial court shall do the following: "Afford counsel an opportunity to speak on behalf of the defendant and address the defendant personally and ask if he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment." As noted, the trial court allowed the defendant and his counsel an unfettered opportunity to speak prior to the imposition of sentence. While Crim.R. 32(A) provides the defendant with a right to speak, it contains no specific provision allowing the defendant the right to argue with the court after the imposition of judgment. Accordingly, defendant's second assignment of error is also overruled.
Having overruled both of defendant's assignments of error, we hereby affirm the judgment of the Franklin County Court of Common Pleas.
 _________________ PETREE, J.
TYACK and BROWN, JJ., concur.